## Commonwealth *v.* Harvie, Appellant.

Argued October 2, 1937. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*David Roth*, with him *William H. Coleman*, for appellant.

*George F. P. Langfitt,* with him *Louis L. Kaufman* and *Russell H. Adams,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MAXEY November 25, 1942:

The appellant was indicted on a charge of "operating a motor vehicle while under the influence of intoxicating liquor". He pleaded "not guilty" and went to trial. A witness testified that the defendant's reputation for sobriety was good. On cross-examination the witness was asked if he had not heard of a former similar charge against the defendant and of his being tried upon that charge. The objection to this question was over-ruled and the witness answered that he had not so heard. The Commonwealth then offered in evidence, over objection, the record of the Court of Quarter Sessions of Allegheny County, wherein it appeared that the defendant had been indicted and tried in 1940 upon similar charge and the jury had returned a verdict of "not guilty but pay the costs". The record of this former trial was later sent out to the jury upon the jury's request. The jury returned a verdict of guilty with a recommendation of mercy. The defendant was fined $125.00 and costs of prosecution. The defendant's motion for a new trial was refused. An appeal was later taken to the Superior Court. There six judges heard the arguments and divided equally in their opinion, thereby affirming the judgment of the court below.

It is well settled that when a defendant puts his character (i. e. his general reputation) in issue, as did the defendant here, it may be shown by the records of a court that he had been convicted of a crime. Since the record establishes the fact no collateral issue is raised. We said in *Commonwealth v. Petrillo,* 341 Pa. 209, 227, 19 A. 2d. 288: "Neither the necessity of avoiding collateral issues, nor the injustice of attacking a witness unprepared to defend himself, requires the exclusion of proof of a witness' conviction of crime to impeach him, the first being minimized by the directness and certainty

of proof obtainable, and the second because preparedness would be almost useless in meeting such a fact."

In the instant case the record proved that the defendant had been tried on the same kind of a charge as he was then facing and that he was acquitted but that the costs of prosecution were imposed upon him. Since the imposing of the costs of a criminal case on a defendant who is acquitted supports an implication that the jury thought there was some basis for the charge made, the practice when a defendant's character is put in issue, of admitting records showing such equivocal verdicts as "not guilty but pay the costs" we condemn as erroneous.

The judgment is reversed and a new trial ordered.